■ Margarita Sierra, Respondent, v Evian Spring Waters Corporation of America, Defendant, and Pepsi Company, Inc., Appellant. [688 NYS2d 639] —In an action to recover damages for personal injuries, the defendant Pepsi Company, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated February 24, 1998, as, upon granting renewal, denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Pepsi Company, Inc., and the action against the remaining defendant is severed.

The plaintiff, an employee of Service America Corporation (hereinafter Service America), which operates the food concessions at the Jacob Javits Convention Center (hereinafter the Javits Center), was allegedly injured when a case of Evian water fell from the top of a food cart. She subsequently commenced this action against, among others, the defendant Pepsi Company, Inc. (hereinafter Pepsi), which delivers Evian water to the Javits Center.

According to the plaintiff, she was a supervisor of the salad bar and each morning she would take a cart containing food and beverages, including Evian water, from the refrigerator in the kitchen to the salad bar. At the end of the day, she would return the cart to the kitchen and leave an order slip for items that needed to be restocked on the cart, and the following morning, the cart would be stocked with the requested items. On August 15, 1994, the plaintiff left an order for water. The next day, she went to the refrigerator and inventoried the cart, confirming that the cases of water she requested had been supplied. When she moved the cart, a case of Evian water alleg-

edly fell on her head. Evian water is stored somewhere at the Javits Center, but the plaintiff did not know the location. She had no knowledge as to who retrieves the order slips, how the water gets from the storage area to the cart, or who restocks the cart.

Pepsi moved for summary judgment dismissing the complaint insofar as asserted against it, contending that there was no evidence that it was involved in the process of restocking the cart, which included not only water but other food and beverage items. In support of its motion, Pepsi submitted deposition testimony from an assistant general sales manager and an affidavit from its deliveryman indicating that all deliveries to the Javits Center are made directly to the loading dock where the items are received by a representative of Service America. According to the deliveryman, union regulations require him to unload his truck and leave the delivery at the loading dock. He was not permitted to bring the merchandise into the building. Based on an unsworn written statement from one of the plaintiff's co-workers indicating that the people who delivered Evian came once or twice a week, and piled the water on top of the refrigeration unit in a sloppy manner, the Supreme Court concluded there was an issue of fact precluding summary judgment.

The co-worker was subsequently deposed. At his deposition, he denied making the statement and testified that he had no personal knowledge as to who delivered the bottled water or where it was delivered. Also according to that witness, Service America employees restock the cart, and he had never seen anyone wearing a Pepsi uniform in the kitchen.

Pepsi then moved for leave to renew its motion for summary judgment. The court granted renewal, but thereupon denied relief, based on the co-worker's conflicting statements. The court found that it could not assume the witness's deposition testimony was more accurate than his prior statement.

Pepsi established its entitlement to judgment as a matter of law by demonstrating that it was not involved in restocking carts, such as the one used by the plaintiff, at the Javits Center. Consequently, the court erred in denying Pepsi's motion, and the complaint is dismissed insofar as asserted against that defendant. S. Miller, J. P., Sullivan, Altman and Florio, JJ., concur.